UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**JEREMY PALMER**,

    Plaintiff,

v.                                                    Case No. 25-CV-937

**RECREATIONAL CONCEPTS, INC.**,

    Defendant.

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1.    Plaintiff, Jeremy Palmer, brings this action against Defendant, Recreational Concepts, Inc., to recover unpaid overtime wages, liquidated damages, civil penalties, and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA") and Wisconsin law. At times in the three years preceding this complaint, Plaintiff worked in manual labor for Defendant's construction business. In that role, he has regularly worked more than 40 hours in a workweek. However, Defendant failed to pay him at one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek. As a result, Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA and Wisconsin law.

### PARTIES

2.    Plaintiff is an adult resident of Beloit, Wisconsin.

3.    Defendant is a corporation organized under the laws of Wisconsin.

4. Defendant's registered agent is Jeff Kjelland at 4633 State Road 138, Oregon, Wisconsin 53575.

## JURISDICTION AND VENUE

5. The Court has original jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over Plaintiff's Wisconsin law claims under 28 U.S.C. § 1367 because those claims are so related to Plaintiff's FLSA claims that they form a part of the same case or controversy.

7. Venue is proper in the United States District Court for the Western District of Wisconsin under 28 U.S.C. § 1391(b)(1) because Defendant resides in this district and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to these claims occurred in this district.

## FACTUAL ALLEGATIONS

8. Defendant owns and operates a construction business.

9. On information and belief, in each of the three years preceding the filing of this action, Defendant's gross annual business was $500,000 or more.

10. At times in the past three years, Defendant employed Plaintiff to perform manual labor in its concrete division.

11. As an employee of Defendant, Plaintiff performed manual labor.

12. As an employee of Defendant, Plaintiff at times worked more than 40 hours in a workweek.

13. Defendant did not pay Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

14. Defendant paid Plaintiff a salary.

15. As an illustrative example of Defendant's pay practices alleged herein, for the workweek of July 15, 2024, to July 21, 2024, Plaintiff worked 57.07 hours, but Defendant only paid Plaintiff his salary for the 57.07 hours. Defendant did not pay Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in that workweek.

16. Defendant has classified Plaintiff as exempt from the overtime requirements of the FLSA.

17. Plaintiff is not exempt from the overtime requirements of the FLSA.

18. Defendant has classified Plaintiff as exempt from the overtime requirements of Wisconsin law.

19. Plaintiff is not exempt from the overtime requirements of Wisconsin law.

20. Defendant has thus failed to pay Plaintiff overtime wages in violation of the FLSA and Wisconsin law.

### FIRST CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA

21. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

22. Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

23. Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s).

24. Plaintiff was Defendant's employee within the meaning of 29 U.S.C. § 203(e).

25. As alleged above, at times during the three years preceding the filing of this action, Defendant failed to pay Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek in violation of the FLSA.

26. Defendant knew that, or showed reckless disregard for whether, its conduct violated the FLSA.

## SECOND CLAIM FOR RELIEF:
## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW

27. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

28. Defendant is an employer within the meaning of Wis. Stat. § 103.01(1), Wis. Stat. § 109.01(2), and Wis. Admin. Code § DWD 274.03.

29. Plaintiff was Defendant's employee within the meaning of Wis. Stat. § 103.001(5), Wis. Stat. § 109.01(1r), and Wis. Admin. Code § DWD 274.03.

30. As alleged above, at times during the two years preceding the filing of this action, Defendant failed to pay Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek in violation of Wisconsin law.

31. Defendant's violations of Wisconsin law were for dilatory and/or unjust reasons.

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

A. Judgment against Defendant in the amount of Plaintiff's unpaid overtime wages, liquidated damages, and civil penalties under the FLSA and Wisconsin law;

B. An order declaring that Defendant violated the FLSA and Wisconsin law;

C. An award of all costs and attorneys' fees incurred in the prosecution of this action pursuant to the FLSA and Wisconsin law; and

D. Any further relief that the Court deems just and equitable.

Respectfully submitted this 13th day of November, 2025.

Attorneys for the Plaintiff

By: *s/ David C. Zoeller*
**HAWKS QUINDEL, S.C.**
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
Connor J. Clegg, State Bar No. 1118534
Email: cclegg@hq-law.com
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236